UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, FORT PIERCE DIVISION



02-14087

ACCESS NOW, INC., and
LEONARD WEIN,

    Plaintiffs,

vs.

TARGET CORPORATION, a Foreign
Corporation.

    Defendant.
_____/

CASE NO.:

## COMPLAINT

Plaintiffs, ACCESS NOW, INC., and LEONARD WEIN ("Plaintiffs"), through their undersigned counsel, hereby file this Complaint and sue TARGET CORPORATION, a foreign corporation, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et. seq. (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §§ 1331 and 343.

2.    Venue is proper in this Court, Fort Pierce Division pursuant to 28 U.S.C. § 1391(B) and Local Rules of the United States District Court for the Southern District of Florida.

3.    Plaintiff, LEONARD WEIN (hereinafter referred to as "WEIN" or "MR. WEIN") is a resident of the State of Florida and is a qualified individual with a disability under the ADA. MR. WEIN suffers from what constitutes a "qualified disability" under the Americans With

-1-



Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations. Prior to instituting the instant action, MR. WEIN personally visited the Defendant's premises, the TARGET store located at 2650 NW Federal Highway, Stuart, Florida (Hereinafter referred to as "STORE") both personally and on behalf ACCESS NOW, INC. and was denied access to the subject property of Defendant which is the subject of this lawsuit due to its lack of compliance with the ADA. Mr. WEIN continues to desire to visit the STORE but continues to be denied full and safe access due to the violations which continue to exist.

4. Plaintiff, ACCESS NOW, INC., (hereinafter referred to as "ACCESS NOW") is a non-profit corporation organized and existing under the laws of the State of Florida ("Association") of which MR. WEIN is a member. The Association's members consist of both qualified individuals with disabilities (including but not limited to mobility impaired, sight impaired and hearing impaired) under and as defined by the ADA and the able-bodied. ACCESS NOW is engaged, inter alia, in seeking compliance with the ADA, educational efforts to correct violations when found, and when necessary and appropriate, litigation to require persons and entities in violation of the ADA to comply with the Act. One of the primary purposes of the Association is to represent its members to assure that public spaces and commercial premises are accessible to and useable by its members, to assure its members that they will not be excluded from participation in or be denied the benefits of the services, programs or activities of public accommodations, and to assure its members that they are not discriminated against because of their disabilities. The Association and its members, including but not limited to MR. WEIN, have suffered direct and indirect injury as a result of the Defendant's actions or inactions described herein. ACCESS NOW and its members continue to be discriminated against due to the Defendant's continued lack of compliance and their continued desire

to visit the Defendant's premises. The Association also has been discriminated against because of its association with its members and their claims.

5. The Defendant, TARGET CORPORATION is a foreign corporation which is authorized to conduct and which is conducting business within the State of Florida. Upon information and belief, TARGET CORPORATION is the owner, lessee and/or operator of the real properties and improvements which are the subjects of this action, to wit: the STORE.

6. All events giving rise to this lawsuit occurred in the Southern District of Florida, in Martin County.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

7. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C.§ 12181; 20 C.F.R.§ 36.508(A).

8. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R § 36.104, the establishment owned by Defendant is a place of public accommodation in that it is a STORE, which provides services to the public.

9. Defendant has discriminated, and continues to discriminate against the Plaintiffs, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at said STORE in derogation of 42 U.S.C. § 12101 et. seq.

10. The Plaintiffs have been unable to and continue to be unable to enjoy access to, and

the benefits of the services offered at STORE. Prior to the filing of this lawsuit, Plaintiffs visited the STORE and were denied access to the benefits, accommodations and services of the Defendant's services and therefore suffered an injury in fact. In addition, Plaintiffs continue to desire to visit STORE, but continue to be injured in that they are unable to and continue to be discriminated against due to the architectural barriers which remain at the STORE in violation of the ADA. MR. WEIN and other members of ACCESS NOW, INC. have now and continue to have reasonable grounds for believing that they have been and will be discriminated against because of the Defendant's deliberate and knowing continuing violations of the ADA.

11. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12. Defendant is in violation of 42 U.S.C. § 12181 et.seq. and 28 C.F.R.36.302 et.seq., and is discriminating against the Plaintiffs as a result of inter alia, the following specific violations:

   i) The "accessible" parking spaces lack access aisles.
   ii) There is no accessible seating in the restaurant area.
   iii) There is a ramp leading up to the front door that lacks handrails.
   iv) There is no level landing at the front door.
   v) The patient consultation counter at the pharmacy is too high.
   vi) The men's accessible restroom has a rear grab bar that is too short.
   vii) The flush valve in the "accessible" toilet stall is not accessible;
   viii) The placement of the lavatory blocks the lateral transfer space to the water closet.
   ix) The sink pipes are not insulated.
   x) The coat hook is too high.
   xi) The paper towel dispenser is in the path of travel.
   xii) Paths of travel throughout the store are too narrow;
   xiii) The fitting rooms are not fully accessible.

13. Upon information and belief, there are other current violations of the ADA at the STORE and only once a full inspection is performed by Plaintiffs or Plaintiffs'

-5-

representatives can all said violations be identified.

14. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, Defendant was required to make their STORE, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendant has failed to comply with this mandate.

16. The Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiffs are entitled to have its reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

17. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiffs' injunctive relief, including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiffs demand judgment against Defendant and request the following injunctive and declaratory relief:

    A. That the Court declare that the properties owned and administered by Defendant are violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate

and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiffs; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this __12th__ day of __March__, 2002.

Respectfully submitted,

By: _____
Gregory E. Schwartz, Esq.
Florida Bar No. 95559
The Law Offices of Gregory E. Schwartz
Attorneys for Plaintiffs
4030-C Sheridan Street
Hollywood, Florida 33021
Telephone:   (954) 966-2483
Fax :        (954) 212-2940

By: _____
Gene R. Zweben, Esq.
Florida Bar No. 88919
Attorneys for Plaintiffs
310 West First Street
Stuart, Florida 34994
Telephone:   (772) 223-5454
Fax :        (772) 463-0778

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Access Now, Inc. & Leonard Wein

**DEFENDANT**
02-14087 TARGET CORPORATION, a foreign corporation

CIV-MOORE

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

02-14087-CV-MOORE/FJL

THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)
MAGISTRATE JUDGE
LYNCH

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gregory E. Schwartz, Esq., 4030-C Sheridan Street,
Hollywood, Florida 33021    (954) 966-2483

(d) CIRCLE COUNTY WHERE ACTION AROSE: Dade Martin County

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

IVa. 3 days estimated (for both sides) to try entire case. This is an action pursuant to 42 U.S.C. Sec. 12181 et. seq.

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury - Med Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 365 Personal Injury - Product Liability | 630 Liquor Laws | **A PROPERTY RIGHTS** | B 450 commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers= Liability / 368 Asbestos Personal Injury Product Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| B 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product / **PERSONAL PROPERTY** / 350 Motor Vehicle / 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| | 355 Motor Vehicle Product Liability / B 371 Truth in Lending | 690 Other | **B SOCIAL SECURITY** | 850 Securities/Commodities/ Exchange |
| B 153 Recovery of Overpayment of Veteran=s Benefits | 360 Other Personal Injury / 380 Other Personal Property Damage | **A LABOR** | 861 HIA (1395ff) | 875 Customer Challenge 12 USC 3410 |
| 160 Stockholders= Suits | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 862 Black Lung (923) | 891 Agricultural Acts |
| 190 Other Contract | | B 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (505(g)) | 892 Economic Stabilization Act |
| 195 Contract Product Liability | **A CIVIL RIGHTS** / **B PRISONER PETITION** | 730 Labor/Mgmt Reporting & Disclosure Act | 864 SSID Title XVI | 893 Environmental Matters |
| | | 740 Railway Labor Act | 865 RSI (405(g)) | 894 Energy Allocation Act |
| **A REAL PROPERTY** | 441 Voting / 510 Motions to Vacate Sentence | 790 Other Labor Litigation | **A FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 442 Employment / Habeas Corpus | B 791 Empl Ret Inc Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 900 Appeal of Fee Determination Under Equal Access to Justice |
| B 220 Foreclosure | 443 Housing/ Accommodations / 530 General | | 871 IRS-Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| 230 Rent Lease & Ejectment | 444 Welfare / 535 Death Penalty | | | * 890 Other Statutory Actions |
| 240 Torts to Land | / 440 Other Civil Rights / 540 Mandamus & Other | | | * A or B |
| 245 Tort Product Liability | / 550 Civil Rights | | | |
| 290 All Other Real Property | *A or B | | | |

## VI. CAUSE OF ACTION (PLACE AN X IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Refiled
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P.23    DEMAND $    Check YES if demanded in complaint
JURY DEMAND: NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):   JUDGE    DOCKET NUMBER

DATE 3/12/02    SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT    FOR OFFICE USE ONLY:    Receipt No.    Amount $150.00
S/F 1-2
REV. 6/90    Date Paid: 3/13/02    M/ifp: